UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

LENROY MCLEAN,

        Petitioner,

    - against -

EXECUTIVE OFFICE OF US ATTORNEY
GENERAL ERIC HOLDER, et al.,

        Respondent.

----------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 1 8 2011

**BROOKLYN OFFICE**

**MEMORANDUM AND ORDER**
11-CV-401 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

    Petitioner Lenroy Mclean, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brings the above-captioned *pro se* petition pursuant to 28 U.S.C. § 2241. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Petitioner is directed to submit an amended petition within 30 days of the date of this Order.

### BACKGROUND

    It is difficult to perceive the nature of petitioner's claims. On a cover page addressed to the Clerk of Court, he states that he is challenging an incident report and sanctions. (Petition at 1.)[1] In a proposed order requesting service by the United States Marshals Service and the appointment of counsel, petitioner references " 'NSL' Letter" and witness statements and video and audio tapes and gives case citations related to requests for production of surveillance recordings. (Pet. at 2.) The petition itself references general principles and case citations related to prison disciplinary proceedings. It does not include a recitation of facts specific to this case or

---

[1] Since the pages are not separately labeled or consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing system.

any coherent request for relief.

Petitioner make a series of vague assertions including the following: "'BOP STAFF has intentionally violated {vested} US CONSTITUTIONAL RIGHTS of JAMAICAN CITIZEN Lenroy McLean in violation of 'United Nations Treaties' " (Pet. at 3); "Such violation caused the 'FORFEIT OF GOODTIME' & lengthening of INMATE McLean's Sentence" (*Id.*); "RELIGIOUS ACTIVITY(s) & STAFF BEHAVIOR CAUSED VIOLATION of a JAMAICAN Citizen's RIGHTS & BOP POLICY"; and " 'COVER UP of INMATE MURDER BY STAFF' & also case of 'FALSE DRUG REPORTS BY FBI & BOP AT FCC ALLENWOOD' " (Pet. at 4). He also invokes several alleged rights including " 'SEPERATION [*sic*] OF POWERS DOCTRINE' " and "RIGHT(s) TO PRESENT VIDEO EVIDENCE & LIVE WITTINESSES [*sic*] which COURT HELD TO VIOLATE SUCH 'right to confrontation clause.' " (Pet. at 3.)

Petitioner references Incident Report # 611049, possibly at FMC Devens, and implies that BOP staff made false reports, including "FALSIFICATION by STAFF on other staff in retaliation for 'TERMINATED SEXUAL RELATIONSHIP(s).' " (Pet. at 4.) However, he does not identify any facts related to specific disciplinary proceedings or sanctions. He states that "BOP REFUSES TO RESPOND TO ALLIGATIONS" [*sic*]. Although he mentions "INMATE FORMS REQUESTING 'PRESENTATION & DENIED BY DHO OFFICER AMICO & OTHER Gov't AGENTS/STAFF,' " no documents are attached. (Pet. at 3.)

## DISCUSSION

Title 28, section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner may use 28 U.S.C. § 2241 to challenge the manner in which his sentence is being

2

executed, including the computation or loss of good time credits and other disciplinary sanctions. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (matters challengeable under section 2241 include "prison disciplinary actions, prison transfers, type of detention and prison conditions"). However, prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief, or else justify the failure to exhaust these remedies. *Carmona*, 243 F.3d at 634.

Although it is not clear from the petition that this is the relief petitioner is seeking, to the extent that he wishes to challenge the loss of good time credits, he must first demonstrate that he has exhausted any available administrative remedies, or else show good cause for his failure to exhaust. As filed, the petition fails to identify any steps he took to exhaust the administrative remedies available through the Bureau of Prisons.

Moreover, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004). Petitioner is currently incarcerated at the MDC, but he has not named the Warden as the respondent. The only respondent he names is the Office of the Attorney General of the United States, which is not a proper respondent.

## LEAVE TO AMEND

In light of petitioner's *pro se* status, he is granted leave to submit an amended petition within 30 days of the date of this Order. The amended petition should be captioned, "Amended Petition" and shall bear the same docket number as this Order. Plaintiff is directed to name Duke Terrell, the Warden of the MDC, as the respondent. The amended petition must clearly state the

3

relief sought and the grounds on which each allegation is based. Petitioner also must indicate the administrative remedies he pursued within the Bureau of Prisons. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

SO ORDERED.

Dated: Brooklyn, New York
      February  7  , 2011

ROSLYNN R. MAUSKOPF
United States District Judge